NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-115-DLB

JAMES FRANKLIN PUTNAM                                                        PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS, Warden                                              RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Franklin Putnam, an individual incarcerated in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, along with several motions. He has now paid the district court filing fee and filed additional motions.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

CLAIMS

The petitioner (1) challenges his conviction and urges the Court to grant him relief on 10 grounds; and (2) alleges that this Court has jurisdiction to hear the merits of his claims under 28 U.S.C. §2241, because his remedy via a 28 U.S.C. §2255 motion to the trial court has proved

---

[1] This is a *pro se* action and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

inadequate to test his conviction.

## JUDICIAL NOTICE

In 1997, in United States District Court of the Southern District of Mississippi, *United States v. James Franklin Putnam*,[2] No. 1:97-CR-3-PR, the petitioner waived indictment and entered into a plea agreement. He pled guilty to an information charging one count of hostage taking, at gunpoint, in violation of 18 U.S.C. §1203, and he is now serving the 280-month sentence handed down by that court.

The Court takes judicial notice that the petitioner first challenged his conviction by filing a motion to vacate his conviction and sentence, pursuant to 28 U.S.C. §2255, in the trial court. *United States v. Putnam*, 1:01-CV-007PRS, S.D. Miss. An attached Recommendation of a Magistrate Judge in that action reveals the facts of the hostage-taking and shows that Petitioner had presented therein several claims of ineffective assistance of counsel, including counsel's failure to conduct discovery and giving advice so poor as to render the petitioner's waiver of rights not knowing or intelligent. Record No. 7 at Q3. Also, he argued therein that he cannot be guilty of violating 18 U.S.C. §1203 because the petitioner and his victims were all U.S. citizens; and the United States Sentencing Guidelines were wrongly applied. The Court adopted the Recommendation to dismiss the cause on the grounds that all of the §2255 claims therein were time-barred, and that the claim of ineffective assistance of counsel, the only claim examined on the merits, was actually meritless.

The petitioner has also been before this Court previously with a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, filed just one year ago, on May 25, 2004. *Putnam v.*

---

[2] This Court has noted that caption in the criminal case also refers to the instant petitioner as having several aliases, including Tony Martinez, Bobby Spiers, and Bob Watson.

*Dove,* 04-CV-218-DLB. The petitioner therein urged numerous grounds for his contention that his conviction is in violation of the federal law, including ineffective assistance of counsel claims; a due process argument; his contention that his conduct did not constitute a violation of 18 U.S.C. §1203 but is, instead, consistent with the exceptions to liability contained in 18 U.S.C. §1203(b)(2), based on citizenship; his guilty plea's being unknowing and involuntary; and the trial court's purported lack of jurisdiction.

After screening the petition, on August 27, 2004, the Court issued a memorandum opinion and order [Record No. 16] in which the Court summarized the relevant facts; discussed the petitioner's claims; and ultimately dismissed the action for the petitioner's having failed to pass the threshold of showing that his remedy, via a motion to the trial court under 28 U.S.C. §2255, was ineffective and inadequate to test the legality of his incarceration. Therefore, this Court found that the instant petitioner was not entitled to have his challenges to his conviction heard on the merits and denied the petition, *sua sponte*, without requiring a response from the government. The petitioner appealed the Court's decision, but the appeal was dismissed on the petitioner's failure to either pay the appellate filing fee or move to proceed on appeal *in forma pauperis*.

## ALLEGATIONS OF THE INSTANT PETITION

The following is a summary or construction of the petitioner's allegations, as presented in his current petition form; a memorandum; and exhibits. Record Nos. 1-2, 7.

The petitioner states that since his earlier habeas proceeding, on September 20, 2004, he requested permission from the Fifth Circuit for permission to bring a successive §2255 motion in the trial court. The appellate court ruled against the petitioner on the ground that he did not show that he met the criteria for bringing a successive §2255 petition, and because his ignorance of the

purported facts which establish his actual innocence did not meet the due diligence test.³ Petitioner Putnam claims this time that his §2255 remedy is now clearly ineffective and inadequate because he has been denied permission to file a successive §2255.

As to the bases for the instant habeas claims, the petitioner lists 10 grounds for relief. Most claims contain allegations of his counsel's conduct or lack of effort, in a number of respects, being so deficient as to violate the petitioner's rights under the Constitution's Sixth Amendment and Fifth Amendment due process clause and to constitute a conviction which "is a complete miscarriage of justice and a fundamental defect of the first magnitude." Additionally, Putnam claims that (1) his guilty plea and waiver of appeal were decisions which were not voluntarily, knowingly and intelligently waived; (2) he is actually innocent of criminal conduct, based on newly discovered evidence and the accompanying revelation that he and one of the victims were U.S. citizens; (3) the district court was without jurisdiction to convict him; and (4) the Antiterrorism and Effective Death Penalty Act ("AEDPA") is unconstitutional.

## DISCUSSION

As this Court pointed out to the petitioner in his previous habeas proceeding, the general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

---

³ This explanation appears in the Plaintiff's motion to add authority [Record No. 5].

As he was also told therein, a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241 only if he can demonstrate that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71. In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit has set forth the circumstances in which a §2255 motion is truly "inadequate and ineffective."

In *Charles*, the Sixth Circuit ruled that an earlier unsuccessful §2255 motion or current time bar or denial of permission to file a successive motion will not meet this standard of being thereafter "inadequate" or "ineffective. *Charles*, 180 F3d at 757. Moreover, the burden is on the petitioner to demonstrate the inadequacy or ineffectiveness of a §2255 motion as a threshold matter. *Id.* at 756. Petitioner Charles failed to carry it. In the later *Martin v. Perez* case, the appellate court proceeded similarly, first tracing the petitioner's unsuccessful efforts to get a claim, based on the newly decided opinion in *Jones v. United States*, 529 U.S. 848 (2000), heard via a §2255 motion to the trial court.

Petitioner Martin's efforts culminated with the petitioner's finally submitting an application to the appropriate appellate court for permission to bring the claim in a successive §2255 motion and the appellate court's denying the request. At that point, Martin's remedy by §2255 was truly barred. The Sixth Circuit next examined the claim, based on the recent *Jones* opinion, wherein the Supreme Court held that a conviction under the federal arson statute requires a nexus between the defendant's conduct and interstate commerce. The Sixth Circuit concluded that if the facts were as Petitioner Martin had stated, "then Martin is correct in his claim that he is factually innocent of violation of the arson statute." *Id.*, 319 F.3d at 804. Therefore, the Court adopted a second prerequisite for a

5

§2241 court to entertain §2255 claims, *i.e.*, actual innocence of a federal crime under an intervening Supreme Court opinion interpreting the criminal statute. Petitioner Martin having met both requisites, the matter was remanded for the district court to hear the merits of his claim about the lack of a nexus, under its §2241 jurisdiction. *Id.* at 805.

In the case *sub judice,* the petitioner analogizes his current situation as being similar to Petitioner Martin's, now that he has been denied another §2255 avenue, and he alleges that he is actually innocent of an element of the offense. Therefore, he concludes, like Petitioner Martin, that he should be allowed to proceed with his challenges in this Court. The nature of the petitioner's claim herein, however, is crucial and distinguishes the instant case from Martin's. Unlike Martin and other petitioners who have claimed actual innocence and have been permitted to use §2241 to raise a new claim, the instant petitioner has not demonstrated he is actually innocent of criminal conduct under an intervening Supreme Court case interpreting the elements of an offense.

As the Sixth Circuit noted in *Charles*, the only claimants who were permitted to bring their claims of innocence via a §2241 petition had no way by which to raise their claims when, in 1995, the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm, and many convicted under a preceding definition, *e.g.* possession = use, were actually innocent of violating the statute. *Bailey v. United States*, 516 U.S. 137 (1995). Similarly, in *Martin*, the Court noted that the petitioner had been denied his request to bring his claim of innocence under the 2000 *Jones* case in a successive §2255 motion.

In contrast, the instant petitioner has had years of opportunity to raise the instant claims. He has clearly raised 9 of the 10 issues in his earlier §2255 motion, or petition to this Court, or his request for permission to bring a second §2255 motion. He has admitted to raising them previously.

6

*See* Record Nos. 15-16. The only differences between his earlier efforts and the claims herein are: (1) he has now been denied permission to bring these claims in a successive motion; and (2) he has added what appears to be a new claim, *i.e.*, that the AEDPA is unconstitutional.

These differences, however, do not dictate a different result. The newly discovered facts regarding the elements of the offense and/or the nationality of the victims and/or the constitutionality of the AEDPA existed at the time of the plaintiff's guilty plea and his §2255 motion. Moreover, he does not rely on an intervening Supreme Court case, applied retroactively on collateral review, such as *Bailey* or *Jones*. This Court specifically finds that the instant petitioner is not making a claim that would be cognizable in a §2241 petition because the conduct itself was later defined as not being criminal conduct, based on a retroactively applicable Supreme Court decision

As the petitioner has been previously advised, his claims are actually legal ones. Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) ("[I]t is unclear whether and to what extent a petitioner can show actual innocence in relation to his claims that challenge imposition of his sentence"); and *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"). *See also Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

This Court concludes that the instant petitioner has failed to meet the threshold requirement of demonstrating that his remedy by §2255 motion is inadequate or ineffective to bring a claim that he is actually innocent of criminal conduct as the criminal statute has been interpreted since his conviction. Therefore, this Court cannot hear his claims under its 28 U.S.C. §2241 jurisdiction.

Accordingly, the petition will be denied and dismissed. To do otherwise would be to allow the petitioner to obtain an impermissible bite at the post-conviction apple. *Charles*, 180 F.3d at 757.

This Court will not permit a federal prisoner to circumvent the §2255 statute of limitations or prior-approval mechanism by filing a later 28 U.S.C. §2241 petition which calls into question the validity of a conviction or sentence. *See also Valona v. United States*, 138 F.3d 693 (7th Cir. 1998) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)).

Even were the Court able to consider the 10th claim, the challenge to the constitutionality of the AEDPA, it must be dismissed. This claim, too, was available at the time of the guilty plea. Even if entertained on the merits, however, the Court finds that the petitioner has failed to state a claim. His broad allegation is virtually unexplained and the legislation has been upheld as constitutional in other challenges. The Supreme Court of the United States has specifically upheld the AEDPA limitations on successive petitions, the Court writing, "The added restrictions which the Act places on second habeas petitions . . . do not amount to a 'suspension' of the writ contrary to Article I, § 9." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

## MOTIONS

The petitioner has filed a number of motions during the pendency of this action, several of which seek to add information to the case for the Court's consideration. Two motions contain references to a newly decided Sixth Circuit case, *Souter v. Jones*, 395 F.3d 577 (6th Cir. January 18, 2005) and the petitioner's request for the Court to follow its conclusion. The Court has considered *Souter* and will, therefore, grant these motions [Record Nos. 9, part of 15].

*Souter* does not assist the petitioner, however. In *Souter*, the Sixth Circuit did hold that a credible claim of actual innocence can equitably toll the limitations period for filing a petition for

writ of habeas corpus pursuant to 28 U.S.C. §2254. Citing to *Schlup v. Delo*, 513 U.S. 298, 315-21 (1995), and *Bousley v. United States*, 523 U.S. 614, 623 (1998), the Sixth Circuit closely traced the trial court's circumstantial evidence; summarized the cases holding that actual innocence is a permissible, though seldom used, exception to permit a district court to entertain a time-barred constitutional claim; and then wrote as follows:

> We conclude that Souter's conviction [for murder] is such a rare and extraordinary case. In his habeas petition, Souter has presented new evidence collected over the past several years that does raise sufficient doubt about this guilt and that undermines confidence in the result of his trial.

*Souter*, 395 F.3d at 590. The same is not true in Petitioner's case. Petitioner's allegations of newly discovered evidence and actual innocence do not raise doubt as to his guilt of the crime to which he pled guilty, *i.e.*, taking and holding a hostage at gunpoint; nor does the Court find that its confidence in the validity of the resulting conviction has been undermined.

In the petitioner's next motion, he also quotes from *Souter* and specifically admits the following:

> The issues of Movant's 28 U.S.C. 2241 (2241) that were on Movant's priorly (sic) filed 28 U.S.C. 2255 (2255), were submitted on Movant's priorly filed 2255 upon Movant's allegations, based upon Movant's conviction, that [victim] Thomas Stephen Wild (Wild) is a U.S. citizen, whereas said issues are entered upon Movant's 2241 based upon Movant's newly discovered evidence showing [he] is a U.S. citizen, which Movant did not gain factual knowledge of until Movant received Movant's newly discovered evidence.

Record No. 16; *see also* Record No. 15. This Court had already concluded that the issues in today's petition are repetitive of those in the petitioner's prior collateral attacks. These motions will be granted only to make clear that this Court considered *Souter* and the petitioner's admission when examining the issues herein.

9

Petitioner's last motion to add information [Record No. 17] contains two arguments about 18 U.S.C. §1203, its statutory exceptions, and interpretive case law. Both of the arguments go to the merits of his claims, however, and this Court refuses to consider the merits for the reasons previously stated. Although amendment and supplementation is ordinarily liberally granted, it is not appropriate when the amendment or supplement could not survive peremptory dismissal. Therefore, this motion will be denied.

Finally, the petitioner has moved for the Court to extend the record [Record No. 14]. He asks the Court to require that the respondent file responses to three issues, specifically, the citizenship of Thomas Wild in 1997, where Putnam was found in this case, and where his alleged conduct took place. To the extent the petitioner asks the Court to require the respondent to submit certain information, granting such a motion would be inconsistent with the Court's conclusion that adjudication of the merits of his claims is foreclosed. The petitioner has already had sufficient time in which to pursue certain facts and bring his issues to the trial court years before.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The petitioner's motions to submit authority [Record Nos. 9, 15] are **GRANTED**.

(2) The petitioner's motions to inform the Court about repetitious issues [Record Nos. 15-16] is **GRANTED**.

(3) The petitioner's motion to supplement [Record No. 17] is **DENIED**.

(4) The motion for extension of the record [Record No. 14] is **DENIED**.

(5) James Franklin Putnam's petition for writ of habeas corpus is **DENIED**, the action is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

This 24th day of May, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Putnam 5-115-DLB MOO.wpd

11